**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3753
_____

REGIONAL EMPLOYERS ASSURANCE LEAGUES VOLUNTARY EMPLOYEES
BENEFICIARY ASSOCIATION TRUST BY PENNMONT BENEFIT SERVICES,
INC., PLAN ADMINISTRATOR

v.

GRETCHEN HUTTO CASTELLANO; DOMINIC M. CASTELLANO D.D.S. P.A.

v.

GRETCHEN HUTTO CASTELLANO,

Counter Claimant

v.

REGIONAL EMPLOYERS ASSURANCE LEAGUES VOLUNTARY
EMPLOYEES BENEFICIARY ASSOCIATION TRUST BY PENNMONT BENEFIT
SERVICES, INC., PLAN ADMINISTRATOR; LAWRENCE KORESKO; JEANNE D.
BONNEY; JOHN J. KORESKO, V; KORESKO FINANCIAL L.P.; KORESKO &
ASSOCIATES, P.C.; PENN-MONT BENEFIT SERVICES, INC.,

Counter Defendants

Gretchen Hutto Castellano,

Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-03-cv-06903)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted under Third Circuit L.A.R. 34.1(a)
September 20, 2018

Before: MCKEE, VANASKIE,[*] and RESTREPO, *Circuit Judges*

(Filed March 13, 2019)

_____

OPINION[**]
_____

RESTREPO, *Circuit Judge*

Appellant, Gretchen Hutto Castellano, appeals the District Court's denial of her

motion for prejudgment interest. For the reasons that follow, we affirm.

## I.[1]

Appellant's husband owned a dental practice which joined the Regional

Employers Assurance League ("REAL"), an unincorporated association of employers

who adopted a benefit structure for their employees under REAL's Voluntary Employees

Beneficiary Association ("VEBA"). REAL's assets were held by the REAL VEBA Trust

("the Trust"). Appellant's husband sent contributions to the Trust, part of which were

used to purchase a $750,000 life insurance policy.

_____

[*] Hon. Thomas I. Vanaskie retired from the Court on Jan. 1, 2019. This Opinion is filed
by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and I.O.P. 12.1.

[**] This disposition is not an Opinion of the full Court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

[1] We write exclusively for the parties and therefore set forth only those facts that are
necessary for our disposition.

2

Upon the death of appellant's husband, Mrs. Castellano submitted a REAL VEBA Death Benefit Form naming her as beneficiary, but the plan administrator denied her claim for benefits. The plan administrator filed a civil action for declaratory judgment on behalf of the Trust, and appellant asserted counterclaims for an award of benefits against counterclaim defendants, including John J. Koresko, who ran REAL VEBA and the Trust, and several Koresko-affiliated entities.[2] Upon cross-motions for summary judgment, the District Court found in favor of defendants and denied the Trust's request for declaratory judgment. Further, the Court granted appellant's motion for summary judgment on her counterclaim for violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), and ordered the Trust to pay appellant $750,000.

The District Court subsequently awarded attorneys' fees to appellant's counsel but denied appellant's request for prejudgment interest on the $750,000 awarded. In particular, the requests for fees and interest were referred by the District Judge to U.S. Magistrate Judge Elizabeth T. Hey, who concluded that counterclaim defendants were liable for appellant's attorneys' fees in the amount of $567,400.26, but that an award for prejudgment interest on the aforementioned $750,000 should be denied.

In support of her conclusion that interest should be denied, Judge Hey explained that this case was integrally related to *Perez v. Koresko*, a case brought by the Department of Labor ("DOL") alleging violations of fiduciary duties under ERISA by

---

[2] The counterclaim defendants abandoned this litigation prior to the District Court's disposition, and thus they are not participating in the appeal. However, at our invitation, Wilmington Trust, N.A., the court-appointed trustee for the Trust in the related case, *Perez v. Koresko*, 86 F. Supp.3d 293 (E.D. Pa. 2015), filed a brief as *amicus curiae* for purposes of this appeal.

3

counterclaim defendants in this case (Koresko and Koresko-affiliated entities

(collectively "Koresko entities")).  The District Court in *Perez* ruled in favor of the DOL

and concluded, among other things, that assets belonging to the Trust had been

misappropriated and depleted by Koresko entities, and as a result of the ERISA

violations, Koresko entities were found liable for $38,337,540.89.[3]  Judge Hey pointed

out that:

> [T]he economic reality is that other Trust beneficiaries will
> bear the cost of every dollar that is given to Mrs. Castellano
> in prejudgment interest.  Based on her position as the first of
> the victims . . . to file suit, Mrs. Castellano's case was decided
> prior to the forthcoming equitable distribution of the Trusts'
> assets.  Her claim was for $750,000 and she received that,
> albeit delayed.  The other Trust beneficiaries will not be in
> the same position.  [The Honorable Mary A.] McLaughlin has
> already determined that there is a shortfall of over $19 million
> due to the malfeasance of the Koresko Entities.

*Reg'l Emp'rs Assur. Leagues Vol. Emp'ees Beneficiary Ass'n Trust v. Castellano*, 2016

WL 540817, *4 (E.D. Pa. Feb. 10, 2016) (footnote and citation omitted); *see Perez*, 86 F.

Supp.3d at 394, 396.[4]  Accordingly, Judge Hey concluded prejudgment interest should be

---

[3] The District Court in *Perez* appointed a forensic accountant to conduct an equitable accounting of the Trust's assets and develop methodologies for the equitable distribution of the Trust's assets ("Unified Model"), ultimately adopted by the District Court.  The remainder of the cases brought by plan participants were stayed pending the equitable distribution of the Trust's assets.

[4] As Wilmington Trust points out in its *amicus* brief, the Unified Model adopted by the *Perez* Court describes two methods for paying death benefit claims.  If the death occurred before July 9, 2013 (when a temporary restraining order ("TRO") was entered in *Perez*), payment to a beneficiary is 100% of the determined death benefit.  If a death occurred on or after the TRO was entered, then the death benefit is to be subject to a pro-rata reduction for the asset shortfall discount ("ASD").  In either event, the payment from the Trust does not include interest.

denied because "the equities weigh heavily against" awarding interest, in light of the unusual circumstances of this case. *Castellano*, 2016 WL 540817, at \*4.

Objections to Judge Hey's conclusions were filed, and the Honorable Wendy Beetlestone stayed the matter until the completion of the equitable accounting which had been ordered in *Perez*. After the case was returned to active status, Judge Beetlestone overruled all objections, approved and adopted Judge Hey's conclusions, awarded attorneys' fees, and denied prejudgment interest. Appellant now appeals the denial of prejudgment interest.[5]

## **II.**[6]

Appellant requests prejudgment interest with respect to benefits she was awarded pursuant to a judgment under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). In *Skretvedt v. E.I. DuPont de Nemours*, 372 F.3d 193 (3d Cir. 2004), our Court "ma[d]e explicit that . . . an ERISA plaintiff who prevails under § 502(a)(1)(B) in seeking an award of benefits may request prejudgment interest under that section as part of his or her benefits award." *Id.* at 207-08. "[I]n the absence of an explicit statutory command otherwise, district courts have *broad discretion* to award prejudgment interest on a

---

[5] In offering its understanding of the *Perez* Court's consideration and treatment of interest issues, Wilmington Trust points out that an award of prejudgment interest in this case would be inconsistent with the District Court's rulings in *Perez* under the Unified Model ultimately adopted in *Perez*. Wilmington Trust further points out that appellant's $750,000 award in this case (100% of the face value of the insurance policy), without interest, is consistent with the Unified Model adopted by the Court in *Perez*.

[6] The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C § 1291.

5

judgment obtained pursuant to a federal statute." *Id.* at 205-06 (citing *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1009 (3d Cir. 1992)) (emph. added) (applying this "long-standing rule" in the ERISA context).

Although prejudgment interest is ordinarily granted as a general rule, interest may be denied where "exceptional or unusual circumstances exist making the award of interest inequitable." *Id.* at 208 (quoting *Anthuis*, 971 F.2d at 1010).  In *Skretvedt*, we emphasized that "the awarding of prejudgment interest under federal law is committed to the trial court's broad discretion." *Id.* (quoting *Ambromovage v. United Mine Workers*, 726 F.2d 972, 981-82 (3d Cir. 1984)).  Here, the District Court did not abuse its discretion in denying prejudgment interest in light of the equity considerations and the unusual circumstances of this case.

The District Court's Order approving and adopting Judge Hey's well-reasoned conclusion that prejudgment interest should be denied in this case is affirmed.